KSC/10.19.25

LDK/JWS 2025R00387

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * CRIMINAL NO. MJM 25 CR 325 |
| **ALONZO COX,** | * (Carjacking, 18 U.S.C. § 2119(1); Using, Carrying, and Brandishing a |
| Defendant. | * Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); |
| | * Interference with Commerce by Robbery; 18 U.S.C. § 1951(a); Possession of a |
| | * Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Forfeiture, 18 U.S.C. §§ 924(d), 981(a), and 982(a); 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c)). |
| | * |

*******

## INDICTMENT

### COUNT ONE
### (Carjacking)

The Grand Jury for the District of Maryland charges that:

On or about June 7, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

by force, violence, and intimidation, and with the intent to cause death and serious bodily harm, did take from the person and in the presence of another a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, to wit, a black 2017 Ford Fiesta, bearing Maryland license tag number 1GP6555.

18 U.S.C. § 2119(1)

## COUNT TWO
**(Interference with Commerce by Robbery)**

The Grand Jury for the District of Maryland further charges that:

1. At all times material to this Indictment, Canton's Pizza & Sub, located at 5220 Baltimore National Pike, Baltimore, Maryland 21229, was engaged in the business of providing food services, and the business of Canton's Pizza & Sub affected interstate commerce.

2. On or about June 7, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

did knowingly, obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain property belonging to Canton's Pizza & Sub from the person of and in the presence of an employee of the Canton's Pizza & Sub business, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)

## COUNT THREE
### (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about June 7, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, Carjacking, in violation of Title 18, United States Code, Section 2119, as alleged in Count One of this Indictment; and Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951, as alleged in Count Two.

18 U.S.C. § 924(c)

## COUNT FOUR
### (Interference with Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1. At all times material to this Indictment, BP Gas Station, located at 2202 N. Rolling Road, Windsor Mill, Maryland, 21244, was engaged in the business of providing gasoline sales, and the business of BP Gas Station affected interstate commerce.

2. On or about June 7, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

did knowingly, obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain property belonging to BP Gas Station from the person of and in the presence of an employee of the BP Gas Station business, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)

## COUNT FIVE
### (Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about June 7, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951, as alleged in Count Four of this Indictment.

18 U.S.C. § 924(c)

## COUNT SIX
## (Carjacking)

The Grand Jury for the District of Maryland further charges that:

On or about June 19, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

by force, violence, and intimidation, and with the intent to cause death and serious bodily harm, did take from the person and in the presence of another a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce, to wit, a black 2013 Honda Civic, bearing Maryland license tag number 7BV6101.

18 U.S.C. § 2119(1)

## COUNT SEVEN
**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about June 19, 2025, in the District of Maryland, the Defendant,

**ALONZO COX,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Carjacking, in violation of Title 18, United States Code, Section 2119, as alleged in Count Six of this Indictment.


18 U.S.C. § 924(c)

## COUNT EIGHT
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about June 19, 2025, in the District of Maryland, the Defendant,

**ALONZO COX**,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Del-Ton Inc, DTI-15, bearing serial number DTI-S149870, and approximately twenty-six rounds of .223 ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d), 981(a)(1), and 982(a)(5), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the Defendant's conviction under Counts One through Nine of this Indictment.

### Robbery Forfeiture

2. Upon conviction of the offenses alleged in Counts Two or Four of this Indictment, the Defendant,

**ALONZO COX,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes, or is derived from, proceeds traceable to such offenses.

### Carjacking Forfeiture

3. Upon conviction of the offenses alleged in Counts One or Six of this Indictment, the Defendant,

**ALONZO COX,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such offenses.

### Firearms and Ammunition Forfeiture

4. Upon conviction of the offense set forth in Count Eight of this Indictment, the Defendant,

**ALONZO COX,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in those offenses, including but not limited to:

a. Del-Ton Inc, DTI-15, bearing serial number DTI-S149870; and

b. approximately twenty-six rounds of .223 ammunition

### Substitute Assets

4. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)
18 U.S.C. § 982(a)(5)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_[signature]_ /LDK
KELLY O. HAYES
UNITED STATES ATTORNEY

A TRUE BILL:

10/23/2025
DATE

SIGNATURE REDACTED
FOREPERSON

11